IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Jenifer May Irving,<br><br>　　　　Appellant,<br><br>vs.<br><br>Michael J. Astrue, Commissioner of Social Security,<br><br>　　　　Appellee. | No. CV09-1930-PHX-JAT<br><br>**ORDER** |

Currently pending before the Court is Appellant Jenifer May Irving's Motion for Judgment and Motion for Award of Attorney Fees Pursuant to the Equal Access to Justice Act (Doc. 31). The Court now rules on the Motion.

**PROCEDURAL BACKGROUND**

On January 12, 2010, in lieu of responding to the merits of Appellant's Opening Brief, the Commissioner moved to remand to the Social Security Administration pursuant to sentence six of 42 U.S.C. §405(g). (Doc. 20.) The Court ordered a sentence six remand for further administrative proceedings on March 29, 2010. (Doc. 23.)

Appellant Jenifer May Irving first moved for attorneys' fees pursuant to the Equal Access to Justice Act (the "EAJA") on June 29, 2010. (Doc. 25.) The Commissioner objected to the motion for EAJA attorneys' fees because Appellant did not become a prevailing party for purposes of the EAJA based on the Court's sentence six remand. (Doc.

28, p.2.) Appellant conceded in her reply that she was not yet eligible as a prevailing party to recover attorneys' fees under the EAJA. (Doc. 29, p.2.) The Court therefore denied her first motion for EAJA attorneys' fees. (Doc. 30.)

Appellant again moved for attorneys' fees pursuant to the EAJA on December 10, 2010. (Doc. 31.) In support of her motion, Appellant filed a Notice of Decision – Fully Favorable that Administrative Law Judge Nancy Alden entered on October 8, 2010. (Doc. 31-1.) On remand from this Court, ALJ Alden found Appellant disabled since May 5, 2006. (Id., p.5.)

## **ANALYSIS AND CONCLUSION**

The Commissioner responds to Appellant's renewed motion for attorneys' fees under the EAJA by again arguing that the motion is premature. The Commissioner asserts that Appellant cannot file her motion for EAJA fees until after the Court has entered a final judgment. The Commissioner argues, "In this case, while post-remand proceedings herein were recently completed, the Commissioner has not had a reasonable opportunity to return to court, the Court has not entered a final judgment, and the appeal period has not run . . . Indeed, the Commissioner has the regulatory authority to review any decision, even a favorable decision, on his own motion for 60 days following the ALJ's decision, in this case until December 7, 2010." (Doc. 34, p. 3.) The Commissioner does not argue the merits of Appellant's motion for EAJA fees.

The Court agrees with the Commissioner that Appellant's motion is premature. The filing period for a motion for attorneys' fees pursuant to the EAJA after a sentence six remand "does not begin until after the post remand proceedings are completed, the Secretary returns to court, the *court enters a final judgment*, and the appeal period runs." *Shalala v. Schaefer*, 509 U.S. 292, 298 (1993)(quoting *Melkonyan v. Sullivan*, 501 U.S. 89, 102 (1991)(emphasis added)). The Court understands that, based on a decision out of the Eastern District of Wisconsin, Appellant was attempting to streamline the process by filing a joint motion for entry of judgment and motion for attorneys' fees. But, nonetheless, Appellant

should have waited until after the Court entered a judgment to move for EAJA attorneys' fees.

The Commissioner has not explained why he has failed to "return to the court" with the ALJ's results on remand. By his own admission, the time for reviewing the ALJ's favorable decision ended months ago. Therefore, within five (5) days of the date of this Order, the Commissioner will file a proposed form of judgment for the Court to enter in this case.

Accordingly

**IT IS ORDERED** DENYING Appellant's Motion for Award of Attorney Fees Pursuant to the Equal Access to Justice Act (Doc. 31) without prejudice to re-filing at the appropriate time.

**IT IS FURTHER ORDERED** that within five (5) days of the date of this Order, the Commissioner will file a proposed form of final judgment for the Court to enter.

DATED this 31st day of August, 2011.

James A. Teilborg
United States District Judge