**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Jenifer May Irving,<br><br>　　　　　Plaintiff,<br><br>v.<br><br>Michael J. Astrue, Commissioner of the Social Security Administration,<br><br>　　　　　Defendant. | No. CV09-1930-PHX-JAT<br><br>**ORDER** |

　　　　Currently pending before the Court are Plaintiff Jenifer May Irving's Motion for Award of Attorney's Fees Under 42 U.S.C. §406(b) (Doc. 42) and Motion for Award of Attorney Fees Pursuant to the Equal Access to Justice Act (Doc. 39). The Court now rules on the Motions.

**I.　　BACKGROUND**

　　　　Plaintiff filed her opening brief on January 8, 2010. (Doc. 19.) On January 12, 2010, the Commissioner filed a Motion for Entry of Judgment with Order of Remand Pursuant to Sentence Six of Section 205(g) of the Social Security Act. (Doc. 20.) The Commissioner sought a remand pursuant to sentence six for further administrative proceedings. The Court granted the Commissioner's Motion to Remand on March 29, 2010. (Doc. 23.)

　　　　Plaintiff first moved for attorneys' fees pursuant to the Equal Access to Justice Act (the "EAJA") on June 29, 2010. (Doc. 25.) The Commissioner objected to the motion because Plaintiff did not become a prevailing party for purposes of the EAJA based on

the Court's sentence six remand. (Doc. 28, p.2.) Plaintiff conceded in her Reply that she was not yet eligible as a prevailing party to recover attorneys' fees under the EAJA. (Doc. 29, p.2.) The Court therefore denied her first motion for EAJA attorneys' fees. (Doc. 30.)

Plaintiff again moved for attorneys' fees pursuant to the EAJA on December 10, 2010. (Doc. 31.) In support of her motion, Plaintiff filed a Notice of Decision – Fully Favorable that Administrative Law Judge Nancy Alden entered on October 8, 2010. (Doc. 31-1.) On remand from this Court, ALJ Alden found Plaintiff disabled since May 5, 2006. (Id., p.5.) The Court again denied the motion as premature because the Court had not yet entered a final judgment for Plaintiff, and the Court directed the Commissioner to file a proposed form of judgment. (Doc. 36.)

The Commissioner filed a proposed form of judgment on August 31, 2011. (Doc. 37.) The Court entered final Judgment for Plaintiff that same day. Plaintiff's counsel thereafter filed the pending Motions for Attorney Fees on November 28, 2011.

## II.   FEES PURSUANT TO THE SOCIAL SECURITY ACT

Plaintiff's counsel seeks $17,504.25 in attorneys' fees pursuant to 42 U.S.C. §406(b). Section 406(b) provides that whenever the Court renders a favorable judgment to a social security claimant, the Court can award reasonable attorneys' fees for representation of the claimant. 42 U.S.C. §406(b)(1)(A). The reasonable fee cannot exceed twenty-five percent of the total past-due benefits awarded to the claimant. *Id*. The fee is payable out of, and not in addition to, the amount of the past-due benefits. *Id*.

Section 406(b) "does not displace contingent-fee agreements as the primary means by which fees are set for successfully representing" social security claimants in court. *Gisbrecht v.* Barnhart, 535 U.S. 789, 807 (2002). Plaintiff and her counsel had a contingent-fee agreement in this case typical of fee agreements in disability benefit cases.

The contingent-fee agreement provides that Plaintiff's counsel's fee shall equal twenty-five percent of all past-due benefits awarded to Plaintiff and any other individuals entitled to benefits by reason of the award to Plaintiff. (Doc. 42-2.) Twenty-five percent

of the total amount of past-due benefits awarded to Plaintiff and others as a result of the Judgment in her favor is $17,504.25. Plaintiff's counsel therefore seeks an award of attorneys' fees in the amount of $17,504.25. The Commissioner does not object to this amount.

Because the Court finds the contingent fee in this case is reasonable, the Court will award Plaintiff's counsel attorneys' fees in the amount of $17,504.25 pursuant to 42 U.S.C. §406(b).

### III. EAJA FEES

The EAJA authorizes courts to award attorneys' fees when a party prevails against the United States, including in an action based on an agency ruling. *Hardisty v. Astrue*, 592 F.3d 1072, 1076-77 (9th Cir. 2010). Plaintiff prevailed here because the Court granted judgment in her favor and ordered payment of disability benefits. The Court should award reasonable attorneys' fees under the EAJA unless the Commissioner shows that his position was substantially justified or that special circumstances make an award unjust. 28 U.S.C. §2412(d)(1)(A).[1] The Commissioner does not argue that his position was substantially justified or that special circumstances would make an award unjust in this case. The Court therefore will award EAJA fees to Plaintiff, but must determine the appropriate amount of fees.

The EAJA sets a maximum rate of $125 an hour for attorneys' fees, unless the Court determines that "an increase in the cost of living or a special factor, such as the limited availability of qualified attorneys for the proceedings involved, justifies a higher fee." 28 U.S.C. §2412(d)(2)(A). Plaintiff seeks an upward adjustment for cost of living and a fee enhancement because of Plaintiff's counsel's expertise.

The Commissioner does not object to the upward adjust for cost of living

---

[1] If an attorney receives fees under the Social Security Act and the EAJA for the same work, then the attorney must refund the amount of the smaller fee to the claimant. *Gisbrecht*, 535 U.S. at 796.

requested by Plaintiff.[2] Nor does the Commissioner object to the number of hours that Plaintiff's counsel spent on this case. But the Commissioner does object to a fee enhancement.

The EAJA allows enhancement of the statutory hourly rate for special factors, including the limited availability of qualified attorneys for the proceedings involved. To establish entitlement to an enhanced fee under the EAJA, Plaintiff must show that her attorney: 1) possesses a distinctive knowledge or specialized skill; 2) that was necessary to the litigation in question; and 3) was not available elsewhere at the statutory rate. *Nadarajah v. Holder*, 569 F.3d 906, 912 (9th Cir. 2009).

Although the Ninth Circuit Court of Appeals has not reached the precise issue,[3] other Courts of Appeals have held that routine disability law is not a specialized area warranting an enhanced rate. *See, e.g., Raines v. Shalala*, 44 F.3d 1355, 1361 (7th Cir. 1995); *Stockton v. Shalala*, 36 F.3d 49, 50 (8th Cir. 1994); *Harris v. Railroad Ret. Bd.*, 990 F.2d 519, 521 (10th Cir. 1990). This case was a routine social security disability case that did not involve complex issues requiring a specialized knowledge or skill.

Moreover, the Ninth Circuit specifically has rejected "ability of counsel" and "efficiency" – some of the reasons offered by Plaintiff's counsel - as reasons for fee enhancement. *Natural Res. Def. Council Inc. v. Winter*, 543 F.3d 1152, 1160 (9th Cir. 2008)("Producing high-quality work on a short deadline hardly satisfies the standard in *Pierce* of work requiring specialized skills or knowledge beyond what lawyers use on a regular basis.")(internal citations omitted). Finally, Plaintiff has not shown that qualified counsel was not otherwise available at the statutory rate. The Court therefore will not

---

[2] The cost of living adjustment is determined by multiplying the base EAJA rate by the current Consumer Price Index for all Urban Consumers ("CPI-U"), then dividing the product by the CPI-U in the month that the cap was imposed.

[3] The Ninth Circuit Court of Appeals awarded enhanced EAJA fees in *Pirus v. Bowen*, 869 F.2d 536 (9th Cir. 1989), which was a disability case. But *Pirus* is distinguishable and does not present the same issue as this case because *Pirus* was a class action challenging provisions of the Social Security Act, whereas this case is a routine social security disability case.

award a fee enhancement.

The Court finds that Plaintiff is entitled to an award of attorneys' fees for the 20.8 hours her counsel worked on her case and to a cost-of-living adjustment to the statutory hourly rate.  But Plaintiff has not demonstrated entitlement to a special factor fee enhancement.  The Court therefore will award Plaintiff $3,889.42 in attorneys' fees under the EAJA.

The Commissioner argues based on recent Supreme Court precedent that an award of EAJA fees must be made payable to the claimant.  *Astrue v. Ratliff*, 560 U.S. __, 130 S.Ct. 2521 (2010).  Plaintiff's counsel concedes that payment of the EAJA award must be made directly to Plaintiff.

Accordingly,

**IT IS ORDERED** Granting Plaintiff's Attorney's Motion for Award of Attorney's Fees under 42 U.S.C. §406(b) (Doc. 42).  The Court awards Plaintiff's counsel $17,504.25 in attorneys' fees.

**IT IS FURTHER ORDERED** Granting Plaintiff's Motion for Award of Attorney Fees Pursuant to the Equal Access to Justice Act (Doc. 39).  The Court awards Plaintiff $3,889.42 in EAJA fees.

Dated this 5th day of June, 2012.

James A. Teilborg
United States District Judge